The judgment of the court was pronounced by
Slidell, J.
Mills Judson was administrator of this succession. Upon a rule taken by creditors, under the act of Mai-ch 13th, 1837, he was condemned to pay interest on monies not deposited in bank, and was dismissed from office. Soon after, to wit, on the 6th May, 1850, an order was entered in the following words:
“ On motion of Hoffman 8f Halsey, of counsel for Mills Judson, administrator of said succession, on suggesting to the court that he is advised and believes that there is error in the judgment rendered herein, on the rule taken by John M. Bach and John Mitchell, as creditors of said succession, on the 20th day of April last, dismissing said Judson from the office of administrator, and condemning him to pay interest at the rate and for the time in said judgment specified, and that said Judson is desirous of appealing from said judgment, and of staying the execution thereof.
“ It is ordered, that an appeal be allowed accordingly, returnable in the Supreme Court on the 4th Monday of July next, on said Judson filing his bond with , as security in the sum of five thousand dollars, conditioned as the law directs.”
On the 8th May, 1850, Judson filed an appeal bond, in the usual form, with a surety in the sum designated by the order. Subsequently, Judson presented *519 a petition to the district judge, praying for the sale of the property of the succession, in order to pay debts, which he refused. Judson now asks a mandamus.
The article 1059 of the Code of Practice declares, that when an appeal is made from a judgment appointing or removing a tutor or curator of a minor, interdicted, or absent person, or of a vacant succession or absent heirs, or other administrators of a succession, such appeal shall not suspend the execution of the judgment, but it shall have effect provisionally, until the appeal be decided. See also the French text, “ ou ordonnant la destitution ou le déplacement d’un de ces administrateurs.” It is not pretended by the applicant’s counsel, that there has been an express or implied repeal of this law.
The removal of an administrator, when based on misconduct, might well justify the jealousy of the law, arid an apprehension that the estate would be unsafe in his hands during the delay of an appeal. But it is said, that the statute under which Judson was removed, was subsequent to the Code of Practice, and that his case should not be considered as comprehended by it. The terms of the article are unqualified, and we can see no reason why a removal for the particular breach of duty in question should not be covered by it, because the duty was imposed by a subsequent enactment. Judson, though clearly entitled to a suspensive appeal from the money part of the decree, was not, under the article, entitled to such an appeal from the order of removal. But, it is said, the court granted a suspensive appeal as to both, and that the whole judgment thus became temporarily inoperative. Is this the fact? The suggestion of counsel states a desire “ of appealing from said judgment, and of staying the execution thereof;” but the order is that an appeal be allowed, without stating in express terms that it shall suspend the execution of the entire judgment. It is our duty, therefore, under the circumstances, so to construe it (if susceptible of such a construction, which we think it is,) as not to involve an attempt by the judge to violate the law. In deciding the application upon this ground, we are not to be understood as recognizing the position that a suspensive order of appeal, illegally granted, would be binding upon the district judge, especially in a case of this sort, where an administrator who has disobeyed the command of the law with regard to the funds in his hands, desires the court to grant an order, the effect of which would be to put new monies into his hands. See also Byrne v. Riddell, 4th Ann. 3.
Mandamus refused.